## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

EDDIE ORELLANA                  :
                                :                    PRISONER
       v.                       :        Case No. 3:04cv843(JBA)
                                :
WILLIAM SENCIO, et al.[1]       :

RULING ON MOTION FOR SUMMARY JUDGMENT

Plaintiff Eddie Orellana ("Orellana") filed this civil rights action under 42 U.S.C. § 1983, and proceeds *pro se* pursuant to 28 U.S.C. § 1915.  He alleges that defendants Sencio, Chute, Rodriguez, Brody and Grezegorek ("the defendants") violated his Fourth, Fifth and Fourteenth Amendment rights during his arrest.  The defendants have filed a motion for summary judgment on some of Orellana's claims.  For the reasons that follow, the defendants' motion is granted.

I.   Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law.  See Rule 56(c), Fed. R. Civ. P.; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); White v. ABCO Engineering Corp., 221 F.3d 293, 300 (2d Cir. 2000).  A court must grant summary judgment "'if the pleadings, depositions,

---

[1]The named defendants are William Sencio, Christopher Chute, Rodriguez, Brody, Grezegorek and Justine Jusino.

answers to interrogatories, and admissions on file, together with
affidavits, if any, show that there is no genuine issue as to any
material fact....'" Miner v. Glen Falls, 999 F.2d 655, 661 (2d
Cir. 1993) (citation omitted).  A dispute regarding a material
fact is genuine "'if the evidence is such that a reasonable jury
could return a verdict for the nonmoving party.'" Aldrich v.
Randolph Cent. Sch. Dist., 963 F.2d 520, 523 (2d Cir.) (quoting
Anderson, 477 U.S. at 248), cert. denied, 506 U.S. 965 (1992).

When a motion for summary judgment is supported by
documentary evidence and sworn affidavits, the nonmoving party
must present "significant probative evidence to create a genuine
issue of material fact." Soto v. Meachum, Civ. No. B-90-270
(WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991).  The court
"resolve[s] all ambiguities and draw[s] all permissible factual
inferences in favor of the party against whom summary judgment is
sought." Patterson v. County of Oneida, NY, 375 F.3d 206, 218
(2d Cir. 2004).  A party may not create a genuine issue of
material fact by resting on the "mere allegations or denials"
contained in his pleadings. Goenaga v. March of Dimes Birth
Defects Found., 51 F.3d 14, 18 (2d Cir. 1995).

Where one party is proceeding pro se, the court reads the
pro se party's papers liberally and interprets them to raise the
strongest arguments suggested therein. See Burgos v. Hopkins, 14

2

F.3d 787, 790 (2d Cir. 1994).  Despite this liberal

interpretation, however, a "bald assertion," unsupported by

evidence, cannot overcome a properly supported motion for summary

judgment.  Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

II.  Facts[2]

    At the time of the incident giving rise to this action,

defendant Sencio was the Police Chief and defendants Chute,

Rodriguez, Brody and Grezegorek were Police Officers with the New

Britain, Connecticut, Police Department.  Defendant Jusino was a

confidential informant with the New Britain Police Department who

had provided reliable information regarding drug trafficking in

New Britain.

    On April 15, 2002, defendant Jusino told members of the

Narcotics Enforcement Bureau that two Hispanic males were going

to deliver a large quantity of heroin at one of two locations on

Stanley Street at approximately 5:30 p.m.  Shortly before the

--------

[2]The facts are taken from the defendants' Local Rule 56(a)1
Statement [doc. #30, Attachment 2] with attached exhibits.  On
January 12, 2006, the court issued a notice [doc. #31] informing
Orellana of his obligation to respond to the motion for summary
judgment and of the contents of a proper response.  To date,
however, Orellana has neither responded to the motion for summary
judgment nor sought an extension of time within which to respond.
Accordingly, the defendants' facts are deemed admitted for the
purposes of consideration of defendants' motion.  See D. Conn. L.
Civ. R. 56(a)1 ("All material facts set forth in said statement
will be deemed admitted unless controverted by the statement
required to be served by the opposing party in accordance with
Rule 56(a)2.").

stated time, police officers conducted surveillance of Stanley
Street between the two locations.

Defendant Jusino was in a patrol car with defendant Chute.
At approximately 5:30 p.m., they observed a car on Stanley
Street.  Defendant Jusino identified the car and stated that its
occupants, two Hispanic males, were the persons who would be
delivering the heroin.  Defendant Chute broadcast the description
of the car to the other officers in the area.  The car passed the
first possible location and proceeded directly to the second
location.  Police officers stopped and searched the car.  Under
the front seat, they found 350 heat-sealed packets containing a
substance that tested positive for heroin.  Orellana, the driver,
and the passenger were arrested after the drugs were found in
Orellana's car.

Orellana was convicted of several charges relating to the
possession of narcotics with intent to sell.  On direct appeal,
Orellana challenged, *inter alia*, the trial court's denial of his
motion to suppress the narcotics evidence.  The conviction was
upheld on direct appeal.

III. Discussion

In his amended complaint Orellana asserts claims of arrest
without probable cause, excessive force, unreasonable search and
seizure of his car and his person and racial profiling.  He also

references claims for violation of his rights under the Fourth, Fifth and Fourteenth Amendment and contends that the defendants failed to timely commence civil forfeiture proceedings, violated state laws and intentionally caused him emotional distress.  In addition to these claims, Orellana states in his prayer for relief that defendant Sencio violated his rights under the First, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth and Fourteenth Amendments.  He also states that all defendants discriminated against him because of his race in violation of his rights under Title VII and committed perjury in violation of 18 U.S.C. § 1621.

The defendants have narrowly construed the amended complaint to assert only three claims, namely unreasonable search and seizure regarding the car, the absence of probable cause for Orellana's arrest and infliction of emotional distress.  They move for summary judgment on three grounds:  (1) Orellana's claims of arrest without probable cause and unreasonable search and seizure of his car are barred by res judicata and collateral estoppel; (2) the defendants are protected by qualified immunity regarding the claims of unreasonable search and seizure of the car and arrest without probable cause; and (3) Orellana fails to state a claim for infliction of emotional distress.  They do not address the remaining claims in the amended complaint.

5

A.   Arrest Without Probable Cause and Unreasonable Search and Seizure

The defendants argue that Orellana's claims for arrest without probable cause and unreasonable search and seizure of the car were considered by the state court on direct appeal of his conviction and, therefore, are barred by the principles of res judicata and collateral estoppel.

The doctrine of collateral estoppel, or issue preclusion, "applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was [a] full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." Epperson v. Entertainment Express, Inc., 242 F.3d 100, 108 (2d Cir. 2001) (quoting United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999) (internal quotation marks and citation omitted)).  Collateral estoppel can be applied even where the prior action is a criminal proceeding.  See Allen v. McCurry, 449 U.S. 90, 103-04 (1980) (holding that issue preclusion prevents relitigation in a section 1983 action of an issue previously determined in a state criminal proceeding).

Orellana's motion to suppress was denied by the trial court. On direct appeal, he challenged the denial and argued that the police did not have probable cause to conduct a warrantless

6

search of his vehicle prior to his arrest.  The Connecticut Appellate Court determined that the information from defendant Jusino, much of which was corroborated by the police, provided probable cause to search Orellana's car.  Thus, the court held that the search of the car was constitutional and the motion to suppress properly denied.  See State v. Orellana, 89 Conn. App. 71, 80-84, 872 A.2d 506, 515-517 (2005).

Because the constitutionality of the search of the car already has been litigated and decided adversely to Orellana, the defendants' motion for summary judgment is granted on the ground that this claim is precluded.

A conviction is "conclusive proof of probable cause" for an arrest.  Horton v. Town of Brookfield, No. Civ.A. 3:98cv01834, 2001 WL 263299, at *3 (D. Conn. Mar. 15, 2001).  Thus, a plaintiff may not challenge probable cause for an arrest or imprisonment where there is a valid judgment of conviction.  See id.  Orellana was convicted of the charges for which he was arrested.  Thus, the claim that his arrest lacked probable cause is without merit.  The defendants' motion for summary judgment is granted as to this claim as well.

B.   Emotional Distress

The defendants argue that Orellana fails to state a claim under state law for negligent or intentional infliction of

7

emotional distress.

To prevail on a claim for intentional infliction of emotional distress, Orellana must show:  (1) either that the defendants intended to inflict emotional distress or that they knew or should have known that emotional distress was a likely result of their conduct; (2) that the defendants' conduct was extreme and outrageous; (3) that the defendants caused Orellana to suffer emotional distress; and (4) that Orellana's emotional distress was severe.  See Birdsall v. City of Hartford, 249 F. Supp. 2d 163, 174-75 (D. Conn. 2003); see also Appleton v. Board of Educ. of Town of Stonington, 254 Conn. 205, 210, 757 A.2d 1059, 1062 (2000)(citing Petyan v. Ellis, 200 Conn. 243, 253, 510 A.2d 1337, 1342 (1986)).  Conduct supporting a claim of intentional infliction of emotional distress must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Appleton, 254 Conn. at 211, 757 A.2d at 1062 (citations and internal quotation marks omitted).

The defendants argue that Orellana fails to state a claim for intentional infliction of emotional distress because he has not shown any intent to cause harm or any actions that exceed the bounds of common decency.  The court disagrees.  The defendants

8

state in support of their motion that only the passenger in the
car resisted arrest.  Orellana was the driver.  In addition, they
provide a copy of Orellana's interrogatory responses in which he
states that excessive force was used against him.  (See Doc. #30,
Ex. D at ¶6.)  Courts considering this issue have held that use
of excessive force in effecting an arrest can state a claim for
intentional infliction of emotional distress.  See. e.g.,
Birdsall, 249 F. Supp. 2d at 175 (holding that summary judgment
on intentional infliction of emotional distress claim should be
denied under Connecticut law where plaintiff alleged that police
pushed plaintiff over kitchen food preparation table and hit him
repeatedly with flashlight causing injury to lip and face as well
as loosened teeth); McKelvie v. Cooper, 190 F.3d 58, 63 (2d Cir.
1999) (in which the court held that the existence of genuine
issues of material fact surrounding the police officers' search
and detention of bar patrons precluded a summary judgment
determination that the conduct was insufficiently extreme and
outrageous to establish a claim for intentional infliction of
emotional distress under Connecticut law).

Orellana has alleged that the defendants used excessive
force against him and the defendants have not addressed this
claim.  Accordingly, the court cannot determine as a matter of
law that Orellana cannot state a claim for intentional infliction

of emotional distress.

To state a claim for negligent infliction of emotional distress, Orellana must show that the defendants' "conduct involved an unreasonable risk of causing emotional distress and that that distress, if it was caused, might result in illness or bodily harm." Montinieri v. Southern New England Telephone Co., 175 Conn. 337, 345, 398 A.2d 1180, 1184 (1978). The courts have determined that use of excessive force in effecting an arrest also can state a claim for negligent infliction of emotional distress. See, e.g., Balogh v. Town of Shelton, 2002 WL 523225, at *7 (Conn. Super. Ct. Mar. 18, 2002) (holding that allegation that police arrested plaintiff without probable cause and without an adequate investigation, used excessive force and erroneously stated in police report that plaintiff was intoxicated and made inculpatory statements stated claim for negligent infliction of emotional distress).

Again, because the defendants fail to even acknowledge Orellana's allegations that excessive force was used against him, the court cannot conclude as a matter of law that Orellana cannot state a claim for negligent infliction of emotional distress. The defendants' motion for summary judgment is denied as to the claims for intentional or negligent infliction of emotional distress.

10

C.   Defendant Jusino

Defendant Jessica Jusino is a confidential informant for the New Britain Police Department.  To date, she has not been served with a copy of the complaint.

Orellana is required to provide a service address for each defendant.  Originally, Orellana provided the address for the New Britain Police Department.  When defendant Jusino could not be served at that address, he asked the court to effect service on defendant Jusino c/o the Attorney General.

On May 16, 2005, the court denied Orellana's motion for service and informed him that no case law supported his assertion that the Attorney General was authorized to accept service on behalf of a private citizen.  (See Doc. #23.)  The court explained that Orellana must provide an address at which defendant Jusino could be found or her home address.  In the nearly one year since the court filed its ruling, Orellana has not provided any address at which service can be effected on defendant Jusino.  Orellana is hereby ordered to provide a service address for defendant Jusino.  If the court does not receive a service address for defendant Jusino within twenty days from the date of this order, all claims against defendant Jusino will be dismissed.  See Fed. R. Civ. P. 4(m) (authorizing the district court to dismiss all claims against any defendant upon

whom service has not been effected within the time prescribed by the court).

IV.  Conclusion

The defendants' motion for summary judgment [**doc. #30**] is **GRANTED** as to the claims for arrest without probable cause and unreasonable search and seizure of the car.  The motion is **DENIED** as to the claim for intentional or negligent infliction of emotional distress.  The case remains pending as to all other claims included in the amended complaint that were not addressed by the defendants in their motion for summary judgment.

The parties are directed to file status reports by 9/19/06 indicating their readiness for trial on the remaining claims.

Orellana is directed to provide a service address for defendant Jusino by 9/19/06.  If no service address is received within this time, all claims against defendant Jusino will be dismissed.

**SO ORDERED** this 29th day of August, 2006, at New Haven, Connecticut.

                                        /s/
                                        _____
                                        Janet Bond Arterton
                                        United States District Judge